# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SAM CONSIGLIO, JR.,

Plaintiff,

vs.

AUDREY KING,

Defendant.

1:15-cv-00969-BAM (PC)

SCREENING ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND (ECF No. 1)

**THIRTY (30) DAY DEADLINE**

Plaintiff Sam Consiglio, Jr. ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis in this civil rights action. Plaintiff has consented to magistrate judge jurisdiction. (ECF No. 5.) Plaintiff's complaint, filed on June 26, 2015, is currently before the Court for screening.

**I. Screening Requirement and Standard**

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). The pleadings of detainees are construed liberally and are afforded the benefit of any

doubt. Blaisdell v. Frappiea, 729 F.3d 1237, 1241 (9th Cir. 2013); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989), and "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)). Also, while a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II. Plaintiff's Allegations**

Plaintiff is currently detained at Coalinga State Hospital, and names Audrey King, the Executive Director, as the sole defendant. Plaintiff alleges that Defendant violated his First Amendment rights by denying him his right to purchase a computer with internet access. Plaintiff asserts that the computer with internet access is needed because the state made up a mental disorder so that he would be committed for life, and he seeks to "[get] himself out of this nightmare." Plaintiff further alleges that Defendant claims her actions are to prevent patients from obtaining pornography. Plaintiff says this is "absurd" because patients at Coalinga can obtain pornography and other materials from hospital staff that bring in contraband. Plaintiff seeks an order directing Defendant to allow him to purchase a computer with internet access.

///

///

### III. SVP Detainees at Coalinga State Hospital

Plaintiff alleges that he is a detainee at Coaling State Hospital in Coalinga, California. The Court takes judicial notice of the record from the Court of Appeal of the State of California, Fourth District, Division 1, Case No. D063173, affirming the judgment of the Superior Court of San Diego County, Case No. MH107124, showing that Plaintiff has been involuntarily committed for an indeterminate term to the custody of the State of California Department of State Hospitals, after he was found to be a sexually violent predator ("SVP") within the meaning of the Sexually Violent Predators Act ("SVP Act"), Welf. & Inst.Code,1 § 6600 et seq. People v. Consiglio, No. D063173, 2014 WL 643758, (Cal. Ct. App. Feb. 20, 2014), review denied (May 21, 2014).[1]

To be determined to be an SVP, a detainee must have been convicted of a sexually violent offense and have a diagnosed mental disorder that makes it "likely that he . . . will engage in sexually violent criminal behavior." Cal. Welf. & Instit. Code § 6606(a)(1). Sexually violent offenses include acts such as rape, spousal rape, aggravated sexual assault of a child, sodomy, lewd or lascivious acts involving children, oral copulation, continuous sexual abuse of a child and penetration by a foreign object, or kidnaping or assault with the intent to commit one of these other crimes. Cal. Welf. & Instit. Code 6000(b). The sexually violent act must have been committed "by force, violence, duress, menace, fear of immediate and unlawful bodily injury on the victim or another person, or threatening to retaliate in the future against the victim or any other person . . . ." Id. SVPs may be held for an indeterminate term but the continued need for detention must be reviewed annually. Cal. Welf. & Inst.Code § § 6604, 6605.

Although SVPs are not prisoners, they are detained to protect others from them as well as to provide them treatment. "Sexually violent predators are involuntarily committed because their mental disease makes them dangerous to others. Neither the commitment nor the evaluation

[1] See Fed. R. Evid. 201(b) ("A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."); see also Bias v. Moynihan, 508 F.3d 1212, 1225 (9th Cir. 2007) (courts may take judicial "notice of proceedings in other courts, both within and without the federal system, if those proceedings have a direct relation to matters at issue." (internal quotation marks and citation omitted)).

proceeding is something they themselves seek in order to obtain a cure. The state evaluates and commits to protect others from them." Seaton v. Mayberg, 610 F.3d 530, 540 (9th Cir. 2010) (internal citation omitted). The SVP Act "is aimed at protecting society from, and providing treatment for, that ' small but extremely dangerous group of sexually violent predators' who have diagnosable mental disorders identified while they are incarcerated for designated violent sex crimes, and who are determined to be unsafe and, if released, to represent a danger to others through acts of sexual violence." Garcetti v. Superior Court, 85 Cal. App. 4th 1113, 1117 (2000) (quoting Stats.1995, ch. 763, § 1)).

As a SVP, Plaintiff is not entitled to full constitutional rights. See Overton v. Bazzetta, 539 U.S. 126, 131 (2003). However, he is entitled to substantive rights which include: adequate food, shelter, clothing, medical care, safety and freedom from unnecessary bodily restraint, as well as "minimally adequate or reasonable training to ensure safety and freedom from undue [physical] restraint." Youngberg v. Romeo, 457 U.S. 307, 315-16, 319 (1982). Restrictions imposed on SVPs need not be the least intrusive or those that the Court agrees with, as long as they advance a legitimate interest of the hospital. Valdez v. Rosenbaum, 302 F.3d 1039, 1046 (9th Cir. 2002) (a particular condition or restriction on detainee that is reasonably related to legitimate governmental objective does not, without more, amount to punishment); Bell v. Wolfish, 441 U.S. 520, 540 (1979) (institutional policies and practices "are peculiarly within the province and professional expertise of corrections officials" as long as they are not an "exaggerated response" to institutional needs for order and security).

**IV. Deficiencies of Complaint**

**A. First Amendment**

The gravamen of Plaintiff's complaint is that he is being denied the ability to access the internet via a personal computer, in violation of the First Amendment. Generally, the right to free speech includes "the right to utter or to print, . . . the right to distribute, the right to receive, the right to read," and the freedom of inquiry and thought. Griswold v. Connecticut, 381 U.S. 479, 482 (1965). Although detainees retain their right to freedom of speech under the First Amendment, the right may be restricted. Bell v. Wolfish, 441 U.S. 520, 545–46 (1979).

"The law generally requires a careful balancing of the rights of individuals who are detained for treatment, not punishment, against the state's interests in institutional security and the safety of those housed at the facility." Hydrick v. Hunter, 500 F.3d 978, 994 (9th Cir. 2007) (SVPA detainees), vacated on other grounds by Hunter v. Hydrick, 129 S. Ct. 2431 (2009) (mem.). "In weighing those interests, it cannot be ignored that . . . SVPs have been civilly committed subsequent to criminal convictions and have been adjudged to pose a danger to the health and safety of others." Id. "Therefore, the rights of SVPs may not necessarily be coexistensive with those of all other civilly detained persons." Id.

Here, Plaintiff has not made sufficient factual allegations for the Court to determine whether he states a claim for the violation of his First Amendment rights. For example, although he has alleged that he seeks to purchase a computer with internet access to "get himself out" of Coalinga, it is not clear what he seeks to do with the internet access, and therefore it is not clear what First Amendment rights of his are allegedly being denied. There are also no factual allegations regarding whether he is able to do what he wishes to do through a computer with internet access, using any other available means or whether the institution provides a means for computer research.

Plaintiff has also pleaded that Defendant denied him the right to purchase a computer with internet access based on a concern regarding patients obtaining pornographic materials. This reasonably infers practice or policy based on a concern that patients not have the means to access such materials because they are prohibited. Without further factual information, the Court is unable to determine whether Plaintiff has sufficiently pleaded that his rights are being restricted in a manner that is impermissible under the First Amendment. Plaintiff will be granted leave to amend his complaint to cure these deficiencies.

**B. Conditions of Confinement**

To the extent Plaintiff seeks to state a claim challenging the conditions of his confinement at Coalinga due to the denial of the right to purchase a computer with internet access, he has failed to allege sufficient facts to do so. Claims of a detainee challenging the conditions of confinement arise under the substantive due process clause of the Fourteenth

Amendment. Youngberg v. Romeo, 457 U.S. 307, 321-22 (1982); Jones v. Blanas, 393 F.3d 918, 931-32 (9th Cir. 2004). States are required "to provide civilly-committed persons with access to mental health treatment that gives them a realistic opportunity to be cured and released," Sharp v. Weston, 233 F.3d 1166, 1172 (9th Cir. 2000) (citing Ohlinger v. Watson, 652 F.2d 775, 778 (9th Cir. 1980)), via "more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish," id. (quoting Youngberg v. Romeo, 457 U.S. 307, 322 (1982)).

Under the Fourteenth Amendment, "punitive conditions may be shown (1) where the challenged restrictions are expressly intended to punish, or (2) where the challenged restrictions serve an alternative, non-punitive purpose but are nonetheless "excessive in relation to the alternative purpose," or "are employed to achieve objectives that could be accomplished in so many alternative and less harsh methods." Jones v. Blanas, 393 F.3d 918, 932 (9th Cir. 2004) (internal quotations and citations omitted). Restrictions that have a legitimate, non-punitive government purpose and that are not excessive in relation to that purpose, are permissible. Bell, 441 U.S. at 535, 539; United States v. Salerno, 481 U.S. 739, 747 (1987); Valdez v. Rosenbaum, 302 F.3d 1039, 1045 (9th Cir. 2002).

As noted above, Plaintiff has pleaded facts suggesting he was denied the right to purchase a computer with internet access due to a concern about patients accessing pornographic materials. Plaintiff has not pleaded sufficient facts to show whether the restriction imposed upon him is excessive, or whether there are alternative means to achieve the Defendant's stated objective. Plaintiff will be granted leave to cure this deficiency.

### C. Challenge to Detention

Plaintiff is further informed that insofar as he is challenging the validity of his continued detention, the exclusive method for asserting that challenge is by filing a petition for a writ of habeas corpus. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005). See 28 U.S.C. § 2254(a). Such claims may not be brought in a section 1983 action. Nor may Plaintiff seek to invalidate the fact or duration of his confinement indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody. Wilkinson, 544 U.S. at 81. A section 1983 action is

barred, no matter the relief sought, if success in that action would necessarily demonstrate the invalidity of confinement or its duration. Id. at 81–82; Heck v. Humphrey, 512 U.S. 477, 489 (1994) (unless and until favorable termination of the conviction or sentence, no cause of action under section 1983 exists); Huftile v. Miccio–Fonseca, 410 F.3d 1136, 1140 (9th Cir.2005) (applying Heck to SVPA detainees with access to habeas relief).

**CONCLUSION AND ORDER**

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in and of itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send to Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed June 26, 2015, is dismissed for failure to state a claim;

///

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint or a notice of voluntary dismissal; and

4. **If Plaintiff fails to file an amended complaint in compliance with this order, the Court will dismiss this action, with prejudice, for failure to state a claim and to obey a court order**.

IT IS SO ORDERED.

Dated: **July 25, 2016**

/s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE