# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAM CONSIGLIO, JR., <br><br> Plaintiff, <br><br> vs. <br><br> AUDREY KING, <br><br> Defendant. | 1:15-cv-00969-BAM (PC) <br><br> ORDER DENYING WITHOUT PREJUDICE MOTION FOR APPOINTMENT OF COUNSEL <br><br> (ECF No. 9) |

Plaintiff Sam Consiglio, Jr. ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis in this civil rights action. Plaintiff has consented to magistrate judge jurisdiction. (ECF No. 5.) Currently before the Court is Plaintiff's motion seeking the appointment of counsel. (ECF No. 9.)

In support of his request, Plaintiff states that the issue raised in this action (the denial of a right to a personal computer with internet access) is extremely important to him and other patients being denied the same right. Plaintiff also attaches a letter written to him by the U.S. Department of Justice, dated April 6, 2016. (Id. at p.2.) The letter states that the information Plaintiff provided regarding a claim that he is being wrongfully held for having a mental disorder is being carefully considered to assess whether an investigation is warranted. Plaintiff argues that the letter is proof of an ongoing investigation into fraud by the government of California, and that internet access and appointed counsel is needed to expose the fraud.

Plaintiff he does not have a constitutional right to appointed counsel in this civil action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S. Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. Further, given Plaintiff's failure to state a clam thus far, the Court cannot find any likelihood of success on the merits. Also, based on a review of the record in this case, the court does not find that Plaintiff cannot adequately articulate his claims. Id. Although Plaintiff has not yet stated a cognizable claim, his arguments are comprehensible, and he has been granted leave to amend to further attempt to articulate a cognizable claim.

For the foregoing reasons, Plaintiff's motion for the appointment of counsel (ECF No. 9) is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **August 15, 2016**          /s/ *Barbara A. McAuliffe*
                                   UNITED STATES MAGISTRATE JUDGE